

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., and<br>TELEFONAKTIEBOLAGET LM ERICSSON<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG<br>TELECOMMUNICATIONS AMERICA LLP,<br><br>Defendants. | CIVIL ACTION NO.<br><br>2 - 06 C V - 306<br>TGW<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), file this Original Complaint for Patent Infringement against Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Defendants"), and allege as follows:

### THE PARTIES

1.      Plaintiff Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.      Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden.

-1-

3.     On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Electronics") is a corporation organized under the laws of the country of Korea with its principal place of business at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742 Korea.   Samsung Electronics manufactures mobile phone products, imports its products into the United States, and offers for sale and/or sells its mobile phone products for importation into the United States.   In addition, Samsung Electronics' mobile phone products are marketed, offered for sale, and/or sold throughout the United States, including within this District.

4.     On information and belief, Defendant Samsung Electronics America, Inc. ("Samsung Electronics America"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 105 Challenger Road, Ridgefield Park, New Jersey 07660.   Samsung Electronics America manufactures mobile phone products, imports its mobile phone products into the United States, and offers for sale, and/or sells its mobile phone products for importation into the United States.   In addition, Samsung Electronics America's mobile phone products are marketed, offered for sale and/or sold throughout the United States, including within this District.

5.     On information and belief, Defendant Samsung Telecommunications America L.P. ("Samsung Telecommunications"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1301 E. Lookout Drive, Richardson, Texas 75082.   Samsung Telecommunications manufactures mobile phone products, imports its mobile phone products into the United States, and offers for sale and/or sells its mobile phone products for importation into the United States   In addition,

Samsung Telecommunications' mobile phone products are marketed, offered for sale and/or sold throughout the United States, including within this District

<h2 style="text-align:center">JURISDICTION AND VENUE</h2>

6.     This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

<h2 style="text-align:center">THE PATENTS</h2>

8.     United States Letters Patent No. 5,113,416 ("the '416 Patent"), entitled "Digital Radio Frequency Compensation," issued on May 12, 1992.

9.     United States Letters Patent No. 5,758,295 ("the '295 Patent"), entitled "Uniform Man-Machine Interface for Cellular Mobile Telephone," issued on May 26, 1998.

10.     United States Letters Patent No. 5,783,926 ("the '926 Patent"), entitled "Apparatus for Identifying Accessories Connected to Radiotelephone Equipment," issued on July 21, 1998.

11.     United States Letters Patent No. 5,864,765 ("the '765 Patent"), entitled "Method and Arrangement Relating to Mobile Telephone Terminals," issued on January 26, 1999.

12.     United States Letters Patent No. 6,009,319 ("the '319 Patent"), entitled "Method and Apparatus for Reducing Power Consumption in a Mobile Radio Communication Device," issued on December 28, 1999.

Dallas 222638v1

13.     United States Letters Patent No. 6,029,052 ("the '052 Patent"), entitled "Multiple-Mode Direct Conversion Receiver," issued on February 22, 2000.

14.     United States Letters Patent No. 6,198,405 ("the '405 Patent"), entitled "Driver Circuit and Method of Operating the Same," issued on March 6, 2001.

15.     United States Letters Patent No. 6,387,027 ("the '027 Patent") entitled "Method and Device in a Mobile Station for Avoiding Repeated Registration," issued on May 14, 2002.

16.     United States Letter Patent No. 6,697,953 ("the '953 Patent") entitled "Method for Reducing Power Consumption in Battery Powered Devices," issued on February 4, 2004.

17.     United States Letters Patent No. 6,839,549 ("the '549 Patent"), entitled "System and Method of RF Power Amplification," issued on January 4, 2005.

18.     United States Letter Patent No. 6,975,686 ("the '686 Patent"), entitled "IQ Modulation Systems and Methods that Use Separate Phase and Amplitude Signal Paths," issued on December 13, 2005.

19      Ericsson is the owner of all rights, title and interest in and to the '416 Patent, the '295 Patent, the '926 Patent, the '765 Patent, the '319 Patent, the '052 Patent, the '405 Patent, the '027 Patent, the '953 Patent, the '549 Patent, and the '686 Patent, (collectively "the Ericsson Patents") and is entitled to sue for past and future infringement.

## FACTUAL BACKGROUND

20      The Ericsson Patents cover inventions relating to mobile communication devices and methods.

21. The Defendants have imported, marketed, offered for sale and/or sold in the United States, mobile communications devices and methods that infringe the Ericsson Patents.

22. The Defendants have been placed on actual notice of the Ericsson Patents. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C § 287. Despite such notice, the Defendants continue to import into, market, offer for sale and/or sell in the United States products covered by the Ericsson Patents.

## COUNT I.

### CLAIM FOR PATENT INFRINGEMENT OF THE '416 PATENT

23. Ericsson repeats and realleges the allegations in paragraphs 1-22 as though fully set forth herein.

24. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '416 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '416 Patent.

25. Defendants' infringement of the '416 Patent has been willful. Defendants' continued infringement of the '416 Patent has damaged and will continue to damage Ericsson.

## COUNT II.

### CLAIM FOR PATENT INFRINGEMENT OF THE '295 PATENT

26. Ericsson repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

-5-

27.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '295 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '295 Patent.

28.     Defendants' infringement of the '295 Patent has been willful. Defendants' continued infringement of the '295 Patent has damaged and will continue to damage Ericsson.

## COUNT III.

### CLAIM FOR PATENT INFRINGEMENT OF THE '926 PATENT

29.     Ericsson repeats and realleges the allegations in paragraphs 1-28 as though fully set forth herein.

30.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '926 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '926 Patent

31.     Defendants' infringement of the '926 Patent has been willful  Defendants' continued infringement of the '926 Patent has damaged and will continue to damage Ericsson.

## COUNT IV.

### CLAIM FOR PATENT INFRINGEMENT OF THE '765 PATENT

32.     Ericsson repeats and realleges the allegations in paragraphs 1-31 as though fully set forth herein.

-6-

33.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '765 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '765 Patent

34.     Defendants' infringement of the '765 Patent has been willful. Defendants' continued infringement of the '765 Patent has damaged and will continue to damage Ericsson.

## COUNT V.

### CLAIM FOR PATENT INFRINGEMENT OF THE '319 PATENT

35.     Ericsson repeats and realleges the allegations in paragraphs 1-34 as though fully set forth herein.

36.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '319 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '319 Patent.

37.     Defendants' infringement of the '319 Patent has been willful. Defendants' continued infringement of the '319 Patent has damaged and will continue to damage Ericsson.

## COUNT VI.

### CLAIM FOR PATENT INFRINGEMENT OF THE '052 PATENT

38.     Ericsson repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

-7-

39. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '052 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '052 Patent.

40. Defendants' infringement of the '052 Patent has been willful. Defendants' continued infringement of the '052 Patent has damaged and will continue to damage Ericsson.

## COUNT VII.

### CLAIM FOR PATENT INFRINGEMENT OF THE '405 PATENT

41. Ericsson repeats and realleges the allegations in paragraphs 1-40 as though fully set forth herein.

42. Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '405 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '405 Patent.

43. Defendants' infringement of the '405 Patent has been willful. Defendants' continued infringement of the '405 Patent has damaged and will continue to damage Ericsson.

## COUNT VIII.

### CLAIM FOR PATENT INFRINGEMENT OF THE '027 PATENT

44. Ericsson repeats and realleges the allegations in paragraphs 1-43 as though fully set forth herein.

45.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '027 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '027 Patent.

46.     Defendants' infringement of the '027 Patent has been willful. Defendants' continued infringement of the '027 Patent has damaged and will continue to damage Ericsson.

## COUNT IX.

## CLAIM FOR PATENT INFRINGEMENT OF THE '953 PATENT

47.     Ericsson repeats and realleges the allegations in paragraphs 1-46 as though fully set forth herein.

48.     Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '953 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '953 Patent.

49.     Defendants' infringement of the '953 Patent has been willful. Defendants' continued infringement of the '953 Patent has damaged and will continue to damage Ericsson.

## COUNT X.

## CLAIM FOR PATENT INFRINGEMENT OF THE '549 PATENT

50.     Ericsson repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '549 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '549 Patent

52.    Defendants' infringement of the '549 Patent has been willful  Defendants' continued infringement of the '549 Patent has damaged and will continue to damage Ericsson.

## COUNT XI.

### CLAIM FOR PATENT INFRINGEMENT OF THE '686 PATENT

53.    Ericsson repeats and realleges the allegations in paragraphs 1-52 as though fully set forth herein.

54.    Defendants have infringed, contributed to the infringement of, and/or induced infringement of the '686 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '686 Patent.

55.    Defendants' infringement of the '686 Patent has been willful  Defendants' continued infringement of the '686 Patent has damaged and will continue to damage Ericsson.

## **PRAYER FOR RELIEF**

WHEREFORE, Ericsson and Telefonaktiebolaget LM Ericsson respectfully request that this Court enter judgment in their favor and grant the following relief:

A.   Adjudge that the Defendants infringe the Ericsson Patents;

B.   Adjudge that the Defendants' infringement of the Ericsson Patents was willful, and that Defendants' continued infringement of the Ericsson Patents is willful;

C.   Award Ericsson damages in an amount adequate to compensate Ericsson for the Defendants' infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.   Award enhanced damages by reason of the Defendants' willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

E.   Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.   Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.   Enter an injunction enjoining Defendants, and all others in active concert with Defendants, from further infringement of the Ericsson Patents;

H.   Order an accounting for damages; and

I.   Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: July ____, 2006                   Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: _Sam Baxter_

Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com

P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com

Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com

Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com

300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@cox-internet.com
**PARKER & BUNT, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Fax: (903) 533-8697

-12-

**OF COUNSEL:**        Kent Stevens
MORGAN & FINNEGAN, L.L.P.
1775 Eye Street, N.W., Suite 400
Washington, D.C. 20006
Telephone No.: (202) 857-7887
Facsimile No.: (202) 857-7929

William S. Feiler
Harry C. Marcus
Steven F. Meyer
Michael O. Cummings
MORGAN & FINNEGAN, L.L.P.
3 World Financial Center
New York, New York 10281
Telephone No: (212) 415-8700
Facsimile No: (212) 415-8701

**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**

Dallas 222638v1