## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON** | § § § § § § | |
| | § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Civil Action No. 2-06CV-306-TJW** **JURY TRIAL DEMANDED** |
| **SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLP,** | § § § § § § | |
| **Defendants.** | § § | |

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF SAMSUNG TO ERICSSON'S COMPLAINT

Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP (collectively "Samsung") hereby answer the allegations of the Complaint for Patent Infringement ("Complaint") of Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson"):

### THE PARTIES

1.      Samsung, on information and belief, admits the allegations contained in paragraph 1.

2.      Samsung, on information and belief, admits the allegations contained in paragraph 2.

3.      Samsung admits the allegations contained in paragraph 3.

4.      Samsung admits the allegations contained in paragraph 4.

5.      Samsung admits the allegations contained in paragraph 5.

## JURISDICTION AND VENUE

6.      The allegations in paragraph 6 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Complaint purports to assert an action under the patent laws of the United States and that the Court has subject matter jurisdiction over the purported action.  To the extent paragraph 6 contains any other allegations, Samsung denies them.

7.      The allegations in paragraph 7 state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Samsung admits that the Complaint purports to assert venue is proper in this judicial district.  Samsung does not contest venue in this jurisdiction.  To the extent paragraph 7 contains any other allegations, Samsung denies them.

## THE PATENTS

8.      Samsung admits the allegations contained in paragraph 8.

9.      Samsung admits the allegations contained in paragraph 9.

10.      Samsung admits the allegations contained in paragraph 10 .

11.      Samsung admits the allegations contained in paragraph 11.

12.      Samsung admits the allegations contained in paragraph 12 .

13.      Samsung admits the allegations contained in paragraph 13.

14.      Samsung admits the allegations contained in paragraph 14.

15.      Samsung admits the allegations contained in paragraph 15.

16.      Samsung denies the allegations contained in paragraph 16.

17.      Samsung admits the allegations contained in paragraph 17.

18.      Samsung admits the allegations contained in paragraph 18.

19.     Samsung is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and therefore denies those allegations.

## FACTUAL BACKGROUND

20.     Samsung denies the allegations contained in paragraph 20.

21.     Samsung denies the allegations contained in paragraph 21.

22.     Samsung denies the allegations contained in paragraph 22.

## SAMSUNG'S ANSWER TO ERICSSON'S COMPLAINT

## COUNT I.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'416 PATENT

23.     Samsung repeats and incorporates by reference its answer to paragraphs 1-22 above.

24.     Samsung denies the allegations contained in paragraph 24.

25.     Samsung denies the allegations contained in paragraph 25.

## COUNT II.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'295 PATENT

26.     Samsung repeats and incorporates by reference its answer to paragraphs 1-25 above.

27.     Samsung denies the allegations contained in paragraph 27.

28.     Samsung denies the allegations contained in paragraph 28.

## COUNT III.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'926 PATENT.

29.    Samsung repeats and incorporates by reference its answer to paragraphs 1-28 above.

30.    Samsung denies the allegations contained in paragraph 30.

31.    Samsung denies the allegations contained in paragraph 31.

## COUNT IV.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'765 PATENT

32.    Samsung repeats and incorporates by reference its answer to paragraphs 1-31 above.

33.    Samsung denies the allegations contained in paragraph 33.

34.    Samsung denies the allegations contained in paragraph 34.

## COUNT V.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'319 PATENT

35.    Samsung repeats and incorporates by reference its answer to paragraphs 1-34 above.

36.    Samsung denies the allegations contained in paragraph 36.

37.    Samsung denies the allegations contained in paragraph 37.

## COUNT VI.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE '052 PATENT

38.    Samsung repeats and incorporates by reference its answer to paragraphs 1-37 above.

39.     Samsung denies the allegations contained in paragraph 39.

40.     Samsung denies the allegations contained in paragraph 40.

## COUNT VII.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'405 PATENT

41.     Samsung repeats and incorporates by reference its answer to paragraphs 1-40 above.

42.     Samsung denies the allegations contained in paragraph 42.

43.     Samsung denies the allegations contained in paragraph 43.

## COUNT VIII.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE '027 PATENT

44.     Samsung repeats and incorporates by reference its answer to paragraphs 1-43 above.

45.     Samsung denies the allegations contained in paragraph 45.

46.     Samsung denies the allegations contained in paragraph 46.

## COUNT IX.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'953 PATENT

47.     Samsung repeats and incorporates by reference its answer to paragraphs 1-46 above.

48.     Samsung denies the allegations contained in paragraph 48.

49.     Samsung denies the allegations contained in paragraph 49.

## COUNT X.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE'549 PATENT

50.     Samsung repeats and incorporates by reference its answer to paragraphs 1-49 above.

51.     Samsung denies the allegations contained in paragraph 51.

52.     Samsung denies the allegations contained in paragraph 52.

## COUNT XI.

## ANSWER TO CLAIM FOR PATENT INFRINGEMENT OF THE '686 PATENT

53.     Samsung repeats and incorporates by reference its answer to paragraphs 1-52 above.

54.     Samsung denies the allegations contained in paragraph 54.

55.     Samsung denies the allegations contained in paragraph 55.

## ERICSSON'S PRAYER FOR RELIEF

56.     Samsung denies that Ericsson is entitled to any relief in this action or this Court, including the relief sought in subparagraphs A-I, or otherwise.

## SAMSUNG'S AFFIRMATIVE DEFENSES

57.     Samsung alleges and asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE
## (Invalidity, Noninfringement, and/or Unenforceability)

58.     The asserted claims of the Ericsson Patents, as properly construed, are invalid, not infringed, and/or unenforceable.

## SECOND AFFIRMATIVE DEFENSE
### (Failure To Mark)

59.     Ericsson's claims for relief are barred in whole or in part by failure to comply with the requirements of 35 U.S.C. § 287.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

60.     Ericsson's claims are barred, in whole or in part, by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

61.     Ericsson's claims are barred, in whole or in part, by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver/Consent)

62.     Ericsson's claims are barred because Ericsson consented to the conduct alleged in the Complaint, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

63.     On information and belief, Ericsson's claims for relief are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

64.     Ericsson's claims for injunctive relief, declaratory relief and/or restitution are barred in light of the fact that Ericsson has adequate remedies at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (License)

65.     Samsung is licensed to the patents-in-suit under the doctrines of express license, implied license, and/or patent exhaustion.

## NINTH AFFIRMATIVE DEFENSE
### (Patent Misuse)

66.     Ericsson's claims for relief are barred in whole or in part due to patent misuse.

## TENTH AFFIRMATIVE DEFENSE
### (No Attorneys' Fees)

67.     Ericsson has alleged no facts, and Samsung has not engaged in any conduct, that entitles Ericsson to an award of attorneys' fees.

## SAMSUNG'S COUNTERCLAIMS

For its counterclaims, Samsung states as follows:

1.   This is an action for breach of contract and equitable estopped against counterclaim-defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively "Ericsson").

## THE COUNTERCLAIM PARTIES

2.   Counterclaim-plaintiff Samsung Electronics Co., Ltd. is a corporation organized and existing under the laws of the country of Korea having its corporate headquarters at Samsung Main Building, 250, Taepyung-ro 2-ka, Chung-ku, Seoul 100-742 Korea.

3.   Counterclaim-plaintiff Samsung Electronics America, Inc. is a corporation organized and existing under the laws of the state of New York having its corporate headquarters at 105 Challenger Road, Ridgefield Park, New Jersey, 07660.

4.    Counterclaim-plaintiff Samsung Telecommunications America LLP is a corporation organized and existing under the laws of the state of Delaware having its corporate headquarters at 1301 East Lookout Drive, Richardson, Texas 75082.

5.    On information and belief, counterclaim-defendant Ericsson Inc. is a corporation organized under the laws of the state of Delaware having its corporate headquarters at 6300 Legacy Drive, Plano, Texas 75024.  Counterclaim-defendant Ericsson Inc. manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States within this District.

6.    On information and belief, counterclaim-defendant Telefonaktiebolaget LM Ericsson ("TLM Ericsson") is a corporation organized under the laws of the country of Sweden having its corporate headquarters at Torshamnsgatan 23, Kista, 164 83 Stockholm, Sweden.  Counterclaim-defendant TLM Ericsson manufactures, sells, offers to sell, markets, and/or imports mobile phone, network products and/or components thereof in the United States and within this District.

## JURISDICTION AND VENUE

7.    This Court has personal jurisdiction over Ericsson because Ericsson has commenced the underlying patent infringement action in this Court.

8.    Venue lies in this Court under 28 U.S.C. § § 1391 and 1400(b).  This Court has supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367.

## COUNT I
## COUNTERCLAIM FOR BREACH OF CONTRACT

9.    Samsung repeats and realleges the allegations in paragraphs 1-8 as though fully set forth herein.

10. The European Telecommunications Standards Institute and other 2G and 3G standards bodies in which Ericsson has been involved (collectively, ETSI) are standards-setting bodies responsible for standardization of information and communication technologies for the benefit of ETSI members and third parties.

11. As a member of ETSI, and to comply with ETSI's Intellectual Property Rights ("IPR") Policy, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the purported Ericsson essential patents on fair, reasonable, and non-discriminatory ("FRAND") terms and conditions.

12. Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR Policy for the purported Ericsson essential patents, created an express and/or implied contract with ETSI and/or ETSI members including an agreement that Ericsson would license those patents on FRAND terms and conditions.  Under ETSI's IPR Policy, third parties that are not ETSI members also have the right to be granted licenses under those patents on FRAND terms and conditions.

13. Ericsson has refused to grant Samsung a license to the Ericsson Patents on FRAND terms and conditions.

14. Ericsson's refusal constitutes a breach of its contractual obligations to ETSI and/or ETSI members and deprives third parties of their right to be granted licenses under the Ericsson Patents.

15. As a result of Ericsson's breach, Samsung has incurred damages and will be further damaged in the future.

## COUNT II
## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

16. Samsung repeats and realleges the allegations in paragraphs 1-15 as though fully set forth herein.

17. In the course of its participation in ETSI, Ericsson represented to ETSI, ETSI members, and third parties that it would grant irrevocable licenses to the purported Ericsson essential patents on FRAND terms and conditions.

18. Ericsson's ETSI membership and activities, including the declarations it made to comply with ETSI's IPR policy for the purported Ericsson essential patents, created a false and misleading impression among ETSI, ETSI members (including Samsung), and/or third parties that Ericsson would license those patents on FRAND terms and conditions.

19. In reliance on Ericsson's representations, Samsung made substantial investments in the research, design, development, manufacture, and marketing of mobile handsets.

20. As a result, Samsung will be harmed materially if Ericsson is permitted to assert its alleged patent rights to prevent Samsung from importing and/or selling mobile handsets.

## DEMAND FOR JURY TRIAL

21. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Samsung demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Samsung prays that:

1.      Ericsson take nothing by way of its Complaint and the same be dismissed with prejudice;

2.      All damages, injunctive relief, costs, expenses, attorneys fees, or other relief

sought by Ericsson be denied;

      3.      Judgment be entered that Samsung does not, and has not, infringed any valid claim of the Ericsson Patents;

      4.      Judgment be entered that each asserted claim of the Ericsson Patents is invalid and unenforceable;

      5.      Ericsson be enjoined from seeking any royalties in this Court or in any forum or otherwise for the purported Ericsson essential patents in excess of FRAND terms and conditions;

      6.      Ericsson be enjoined from seeking in this Court or in any forum any injunctive relief related to the purported Ericsson essential patents until it is determined that Ericsson has granted to Samsung and its affiliates a license for such Patents under FRAND terms and conditions;

      7.      Judgment be entered requiring Ericsson's specific performance under its contract with ETSI and/or ETSI members to grant a license to Samsung under the purported Ericsson essential patents on FRAND terms and conditions;

      8.      Judgment be entered that Ericsson is estopped from asserting the purported Ericsson essential patents against Samsung;

      9.      Judgment be entered awarding Samsung damages and pre-judgment and post-judgment interest;

      10.      This case be declared exceptional pursuant to 35 U.S.C. § 285 and attorney fees be awarded to Samsung;

      11.      Costs and expenses be awarded to Samsung; and

      12.      Samsung be awarded all other such relief as the Court may deem just and appropriate.

DATED: October 16, 2006                    Respectfully submitted,


                                           /s/ Guy Ruttenberg
                                           Eric M. Albritton
*Of Counsel*:                              Texas State Bar No. 00790215
John M. Desmarais (NY Bar No. 2261782)     ALBRITTON LAW FIRM
*jdesmarais@kirkland.com*                  P.O. Box 2649
Gregory S. Arovas (NY Bar No. 2553782)     Longview, Texas 75606
*garovas@kirkland.com*                     Tel.: (903) 757-8449
KIRKLAND & ELLIS LLP                       Fax: (903) 758-7397
Citigroup Center                           ema@emafirm.com
153 East 53rd Street
New York, New York 10022-4611              *Attorneys For*
Tel.: (212) 446-4800                       SAMSUNG ELECTRONICS CO., LTD.,
Fax: (212) 446-4900                        SAMSUNG ELECTRONICS AMERICA, INC.,
                                           and SAMSUNG TELECOMMUNICATIONS
                                           AMERICA LLP
Christian Chadd Taylor (IL Bar No. 6226216)
*ctaylor@kirkland.com*
Perry R. Clark (CA Bar No. 197101)
*pclark@kirkland.com*
Bao Nguyen (CA Bar No. 198023)
*bnguyen@kirkland.com*
Kenneth H. Bridges (IL Bar No. 6255664)
*kbridges@kirkland.com*
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, California  94104-1501
Telephone: (415) 439-1400
Facsimile: (415) 439-1500


Ephraim D. Starr (CA Bar No. 186409)
*estarr@kirkland.com*
Guy Ruttenberg (CA Bar No. 207937)
*gruttenberg@kirkland.com*
KIRKLAND & ELLIS LLP
777 South Figueroa Street
Los Angeles, California 90017-5800
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this pleading was served on all counsel who have consented to electronic service.  Local Rule CV-5(a) (3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by certified mail, return receipt requested, on this the 16th day of October, 2006.


/s/ Guy Ruttenberg
Guy Ruttenberg