IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., and<br>TELEFONAKTIEBOLAGET LM ERICSSON<br><br>    Plaintiffs,<br><br>    v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC., and SAMSUNG<br>TELECOMMUNICATIONS AMERICA LLP,<br><br>    Defendants. | CIVIL ACTION NO.<br>2-06CV-306-TJW<br><br><br>JURY TRIAL DEMANDED |

**ERICSSON INC.'S AND TELEFONAKTIEBOLAGET LM ERICSSON'S REPLY
TO THE COUNTERCLAIMS OF SAMSUNG ELECTRONICS CO., LTD,
SAMSUNG ELECTRONICS AMERICA, INC., AND SAMSUNG
TELECOMMUNICATIONS AMERICA LLP**

Plaintiffs and Counter-Defendants Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson"), respectfully submit their reply to the counterclaims (hereinafter, the "Counterclaims"), asserted by Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America LLP, (collectively, "Samsung"), and would show the Court as follows:

**ERICSSON'S REPLY TO SAMSUNG'S COUNTERCLAIMS**

1.    Ericsson admits that Samsung purports to bring a counterclaim action for breach of contract and equitable estoppel against Ericsson. Ericsson otherwise denies that Samsung is entitled to the relief it seeks in paragraph 1.

## THE COUNTERCLAIM PARTIES

2. On information and belief, Ericsson admits the allegations set forth in paragraph 2.

3. On information and belief, Ericsson admits the allegations set forth in paragraph 3.

4. On information and belief, Ericsson admits the allegations set forth in paragraph 4.

5. Ericsson admits that Ericsson Inc. is a Delaware corporation having a principal place of business at 6300 Legacy Drive, Plano, Texas 75024, and admit that Ericsson Inc. imports, markets, offers for sale, and/or sells mobile network products and/or components within the United States and the Eastern District of Texas. Ericsson otherwise denies the allegations set forth in paragraph 5.

6. Ericsson admits that Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the country of Sweden with its principal place of business at Torshamnsgatan 23, Kista, 164 83 Stockholm Sweden, and admit that Telefonaktiebolaget LM Ericsson, through a joint venture with Sony Corporation, imports, markets, offers for sale, and/or sells mobile phones, network products and/or components within the United States and the Eastern District of Texas. Ericsson otherwise denies the allegations set forth in paragraph 6.

## JURISDICTION AND VENUE

7. Ericsson admits that this Court has jurisdiction over Ericsson in this lawsuit. Ericsson otherwise denies that Samsung is entitled to any relief.

8. Ericsson admits that venue lies in this Court under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). Ericsson admits that this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367.

## COUNT I.

## COUNTERCLAIM FOR BREACH OF CONTRACT

9. Ericsson repeats and realleges its reply to paragraphs 1-8 of the Counterclaims, and further incorporates by reference the allegations set forth in its Original Complaint.

10. Ericsson admits that the European Telecommunications Standards Institute ("ETSI"), in addition to other 2G and 3G standards bodies, are standards-setting bodies which are responsible for the standardization of information and communication technologies for the benefit of their members and third parties. Ericsson otherwise denies the allegations set forth in paragraph 10.

11. Ericsson admits that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson further admits that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson otherwise denies the allegations set forth in paragraph 11.

12. Ericsson admits that ETSI's IPR Policy provides that standards essential patents should be licensed on FRAND terms and conditions. Ericsson otherwise denies the allegations set forth in paragraph 12.

13. Ericsson denies the allegations set forth in paragraph 13.

14. Ericsson denies the allegations set forth in paragraph 14.

15. Ericsson denies the allegations set forth in paragraph 15.

## COUNT II.

## COUNTERCLAIM FOR EQUITABLE ESTOPPEL

16. Ericsson repeats and realleges its reply to paragraphs 1-15 of the Counterclaims, and further incorporates by reference the allegations set forth in its Original Complaint.

17. Ericsson admits that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson further admits that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson otherwise denies the allegations set forth in paragraph 17.

18. Ericsson admits that Telefonaktiebolaget LM Ericsson is a member of ETSI. Ericsson further admits that members of ETSI agree to comply with ETSI's Intellectual Property Rights ("IPR") Policy. Ericsson otherwise denies the allegations set forth in paragraph 18.

19. Ericsson denies the allegations set forth in paragraph 19.

20. Ericsson denies the allegations set forth in paragraph 20.

## ERICSSON'S AFFIRMATIVE DEFENSES

21. Ericsson repeats and realleges its reply to paragraphs 1-20 of the Counterclaims, and further incorporate by reference the allegations set forth in their Original Complaint.

22. Ericsson alleges and asserts the following defenses in response to the allegations of Samsung's counterclaims, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.

## FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

23.     Samsung's counterclaims are barred, in whole or in part, by the doctrine of estoppel.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver/Consent)

24.     Samsung's counterclaims are barred because Samsung consented to the conduct alleged therein, waived its claims for relief, and/or abandoned its right to recover on the conduct alleged in Samsung's counterclaims.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

25.     On information and belief, Samsung's counterclaims are barred in whole or in part by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

26.     Samsung's counterclaims for injunctive relief, declaratory relief, and/or restitution are barred in light of the fact that Samsung has adequate remedies at law.

## FIFTH AFFIRMATIVE DEFENSE

## (Patent Misuse)

27.  Samsung's counterclaims are barred in whole or in part due to patent misuse.

## SIXTH AFFIRMATIVE DEFENSE

## (No Attorneys' Fees)

28.  Samsung has alleged no facts, and Ericsson has not engaged in any conduct, that entitles Samsung to an award of attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson and Telefonaktiebolaget LM Ericsson respectfully request that this Court enter judgment in their favor and grant the following relief:

A.  Adjudge that Samsung infringes the Ericsson Patents identified in Ericsson's Original Complaint (hereinafter, "the Ericsson Patents");

B.  Adjudge that Samsung's infringement of the Ericsson Patents was willful, and that Samsung's continued infringement of the Ericsson Patents is willful;

C.  Award Ericsson damages in an amount adequate to compensate Ericsson for Samsung's infringement of the Ericsson Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.  Award enhanced damages by reason of Samsung's willful infringement of the Ericsson Patents, pursuant to 35 U.S.C. § 284;

E.  Award Ericsson pre-judgment and post-judgment interest and its costs to the full extent allowed under the law;

   F. Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

   G. Enter an injunction enjoining Samsung, and all others in active concert with Samsung, from further infringement of the Ericsson Patents;

   H. Order an accounting for damages;

   I. Award Ericsson attorney's fees based on their breach of contract and equitable estoppel claims; and

   J. Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: November 9, 2006                    Respectfully submitted,

**MCKOOL SMITH, P.C.**

By:    /s/ Sam Baxter_____
Sam Baxter, Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Douglas A. Cawley
Texas State Bar No. 04035500
dcawley@mckoolsmith.com
Mike McKool, Jr.
Texas State Bar No. 13732100
mmckool@mckoolsmith.com
Theodore Stevenson, III
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Robert M. Parker
Texas State Bar No. 15498000
rmparker@cox-internet.com
**PARKER & BUNT, P.C.**
100 E. Ferguson Street, Suite 1114
Tyler, Texas 75702
Telephone: (903) 533-9288
Fax: (903) 533-8697

**OF COUNSEL:**     Kent Stevens
MORGAN & FINNEGAN, L.L.P.
1775 Eye Street, N.W., Suite 400
Washington, D.C. 20006
Telephone No.: (202) 857-7887
Facsimile No.: (202) 857-7929

-8-

|                     |                                                 |
|---------------------|-------------------------------------------------|
| **OF COUNSEL:**     | William S. Feiler                               |
|                     | Harry C. Marcus                                 |
|                     | Steven F. Meyer                                 |
|                     | Michael O. Cummings                             |
|                     | MORGAN & FINNEGAN, L.L.P.                       |
|                     | 3 World Financial Center                        |
|                     | New York, New York 10281                        |
|                     | Telephone No.: (212) 415-8700                   |
|                     | Facsimile No.: (212) 415-8701                   |
|                     |                                                 |
|                     | **ATTORNEYS FOR PLAINTIFFS ERICSSON INC. and TELEFONAKTIEBOLAGET LM ERICSSON** |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with the Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 9th day of November, 2006.

_____**/s/ Sam Baxter**_____